GEORGE PURINTON *et al.*

*v.*

THE NORTHERN ILLINOIS RAILROAD COMPANY.

1.  PAROL EVIDENCE—*to vary a contract.* A written contract between parties must speak for itself. It cannot be enlarged or diminished in its terms, by parol evidence. A contract cannot rest partly in writing and partly in parol.

2.  CONVEYANCES—*ambiguity.* Where the premises in a deed are so described that they cannot be identified, the conveyance is void.

3.  But where the grantee has gone into possession, and the parties have given a construction to their contract, by the manner in which they have executed it, the objection of uncertainty would be removed.

4.  If a vendor gives a bond for a deed for ten acres, part of one hundred and sixty acres, without any other designation of the particular portion, such a

38—46TH ILL.

contract would be inoperative for want of certainty, nor could the purchaser, or a stranger to the contract, do any act by which the uncertainty could be aided or removed.

5.  But if the vendor and vendee were to select the number of acres, and separate them from the remainder, and the purchaser were permitted to enter into the same, make improvements thereon, and to hold possession, the contract would thereby be so far executed as to remove the uncertainty, and a court of equity would compel the execution of a deed.

Appeal from the Circuit Court of Stephenson county; the Hon. Benjamin R. Sheldon, Judge, presiding.

The facts appear in the opinion.

Messrs. Turner & Neff, for the appellants.

Messrs. Burchard, Barton & Barnum, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This was a suit in equity, brought by the Northern Illinois Railroad Company, in the Stephenson Circuit Court, against George Purinton and Abraham T. Green. It appears that on the 3d of May, 1861, the company, then being engaged in constructing their road from Freeport to Savanna, were desirous of running it over the N. E. of the N. E. 31, T. 27 N. R. 8 E., and for that purpose entered into an agreement with appellants to acquire the right of way over this land. The obligation which appellants then executed, recites that, in consideration of the company having undertaken to build their road, and in consideration of one dollar, and building a side track on some portion of the tract, bound themselves to convey to the company the right of way, eighty feet wide, across this tract of land. They also licensed and empowered the company to enter upon and hold possession of the strip of land, for the purpose of constructing their road over the same, upon

making such tender; but it declares that the contract should be void and of no effect, unless the price should be paid or tendered within one year from that date.

The company proceeded to locate and construct their road and a side track over this piece of land, within one year from the date of the contract. The bill alleges that Purinton gave possession to the company immediately after the agreement was made, and that they were ready to pay the one dollar specified in the contract, and that they had tendered the same before filing their bill; that on the 8th day of April, 1863, Purinton had brought an action of ejectment for the recovery of this strip of land; that the company had demanded a deed, but that was refused.

Appellants answered and insisted that the true consideration for making the contract was not the building the road from Freeport to Savanna, and the construction of a side track, but was the sum of one dollar, and filling up a sluice on the westerly side of the line of the road on the land, so as to be level with the embankment of the road, and the further agreement to lay a side track on the land. The answer denies that the company had paid the money, filled the sluice or laid the side track. They admit that a double track had been laid, and that the railroad was completed from Freeport to Savanna. They deny that Purinton gave possession of the land to the company, but admit that he permitted them to construct their road over this land. They offer to convey the land upon which the road is situated, if the company will fill up and grade the sluice, and build the side track, as they insist it was agreed. They admit the commencement of the action of ejectment; and insist upon a forfeiture of the contract.

The first question which we propose to consider, is, whether the verbal agreement or understanding alleged to have been made when the written agreement was entered into, is binding. Appellants both testify, that it was the agreement by Smith, the agent of the company, that they were to fill the sluice, but

he refused to put it in the agreement, but said he would fill it up to the satisfaction of Purinton. In the case of *Smith* v. *Price*, 39 Ill. 28, it was held that a written contract between parties must speak for itself, and that it cannot be enlarged or diminished in its terms, by parol evidence; that it cannot rest partly in writing and partly in parol. And it was there held that a parol reservation of fruit trees in a nursery, on land sold by a written agreement was void, and a court of equity would restrain the vendor from removing them. This case falls fully within that, and must be governed by it. The parol agreement to fill the sluice was not binding on the company, whether or not it was on Smith, the agent.

It is insisted, that this contract is too undefinite and uncertain in its description of the land, to be enforced. There might be force in this objection if it were not that the company had gone into possession and constructed their road with the permission of appellants. By letting the company into possession, the parties locate the eighty feet strip through this piece of ground. They give a construction to the agreement, by the manner in which they have, in part, executed it. If a vendor gives a bond for the conveyance of ten acres, part of one hundred and sixty acres, or other larger tract, without any other designation of the particular portion, such a contract would no doubt be inoperative for want of certainty, nor could the purchaser or a stranger to the contract do any act by which that uncertainty could be aided or removed. But if the vendor and vendee were to select the number of acres and separate them from the remainder, and the purchaser were permitted to enter into the same, make improvements thereon, and to hold possession, the contract would thereby be so far executed as to remove the uncertainty, and a court of equity would compel the execution of a deed. By permitting the purchaser to hold possession, and to make lasting and valuable improvements, the vendor is estopped from urging the uncertainty of his obligation. And this fully accords with the case

of *Shirley* v. *Spencer*, 4 Gilm. 583.    In that case, the parties
had located one tract of the land, but had failed to locate
the other; and the court decreed a specific performance of
the contract so far as the parties had located the one by pos-
session and improvement, etc, but dismissed the bill as to the
other, where they had failed in any manner to determine its
location.

It is true, appellants deny that Purinton ever put the com-
pany into possession, but they admit that he permitted them
to proceed to locate and construct their road at that place.
We are at a loss to perceive a distinction between the two
acts.    What he permitted the company to do, without object-
ion, amounted to putting them into possession, as fully as if
he had personally gone on the land, and formally said to them
that he invested them with possession; he admits that he per-
mitted them to go on it and construct their road.    Having
done so, it only remained to ascertain the boundaries, and thus
describe it in a deed when one should be executed.

It is urged that the company have failed to construct a
side-track as they agreed; and failing to perform this condi-
tion of the agreement, they are not entitled to a deed.    Ap-
pellants insist that the company, instead of a side-track, have
constructed a double main track.    There is no evidence from
which we can ascertain the difference between a side-track
and one of the ways constituting a part of the double track.
We apprehend that which ever way is most used becomes the
main track, and that the one less used is the side-track.    If
there is any material difference in their structure, the evidence
in the record fails to disclose it.    We must, therefore, conclude
that the company had performed this condition in the agree-
ment.

We now come to the question whether time for the payment
of the one dollar as a part of the consideration for the con-
veyance, was of the essence of the contract.    That the parties
had the right to make it essential, and the validity of the

agreement to turn upon performance on the very day, there can be no question.

Even if it were conceded that the construction of this contract required that time should be regarded as of its essence, it is necessary to determine what the parties expected to be, and contracted should be, done within the specified period. It was the performance by the company of those things which they had undertaken to do.    The first thing was the undertaking to build their railroad, and the building of a side-track to their road on some portion of the land, and to pay the sum of one dollar to Purinton.    It would seem from the agreement, that the real and substantial acts to be performed were the entering upon the construction of the road, and the building of the side-track.    And this the company have done, and of which there is no complaint, and can be none, as Purinton, who owned the land, permitted the company to take possession for the purpose.    It therefore appears that appellees have performed the material parts of their agreement within the limited period.

The agreement provides, that when the company shall tender the price, they shall be permitted to enter upon and hold possession of the right of way.    It appears that appellant waived the tender of the one dollar before taking possession, as he permitted them to enter and construct their road and the side track.    And having waived the payment of the money, even if it were in this case regarded as material by the parties, and permitted the company to construct their road and other improvements on the land under the agreement, it would be inequitable to permit appellant to declare the contract forfeited until he should first make a reasonable demand of its performance; and there should be a refusal to perform.    In this case, no such demand was made, and the company having offered pay the money, are entitled to a specific performance of the agreement.    The decree of the court below is therefore affirmed.

*Decree affirmed.*