(No. 12582.—Judgment affirmed.)

THE CHICAGO AND ALTON RAILROAD COMPANY, Plaintiff in Error, *vs.* JOHN LANGER, Defendant in Error.

*Opinion filed April 15, 1919.*

1. DEEDS—*when grantor is estopped to allege that uncertainty of description has rendered deed void.* Where premises are so described in a deed that they cannot be identified the conveyance is void, but where the grantee, with the consent of the grantor, is permitted to take possession of premises within the general terms of the description in the deed and occupy them and make permanent improvements thereon, the grantor is estopped to urge the uncertainty of description as ground for avoiding the entire conveyance.

2. SAME—*when rule does not apply that occupant claiming under color of title is not limited to premises actually possessed.* The rule that where one enters upon real estate under color of title his possession is not limited to the portion of the premises which he actually occupies but extends to all the lands included in the instrument under which he claims, does not apply where the instrument

under which the occupant claims contains no description of the property conveyed with sufficient certainty to identify any land.

3. SAME—*what is included in indefinite grant of right of way.* Where the description in a quit-claim deed to a railroad company of a right of way 100 feet wide is so uncertain that it does not identify any land, the construction of the track with the consent of the grantor will establish the line of railroad, but the right of way will include only the space occupied by the rails, ties, switches, side-tracks, ditches, cuts, embankments and other constructions, together with such means of ingress and egress on both sides as are reasonably necessary for the operation and maintenance of the railroad in a customary way. (*Chidester* v. *Springfield and Illinois Southeastern Railway Co.* 59 Ill. 87, explained.)

4. SAME—*conveyance of a certain number of acres out of a larger tract is too indefinite to convey title.* The conveyance of a certain number of acres out of a larger tract of land does not designate any tract of land that can be located and conveys no title.

WRIT OF ERROR to the Circuit Court of Greene county; the Hon. FRANK W. BURTON, Judge, presiding.

T. I. MCKNIGHT, and CHAPMAN & DUHADWAY, (SILAS H. STRAWN, of counsel,) for plaintiff in error.

F. A. WHITESIDE, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Chicago and Alton Railroad Company brought an action of ejectment in the circuit court of Greene county against John Langer to recover the possession of a parcel of land 19 feet wide north and south and 67.8 feet long east and west, lying on the north side of the plaintiff's railroad. The cause was tried by a jury, and at the close of the evidence the court instructed the jury to find the issues for the defendant and entered judgment against the plaintiff, which has sued out a writ of error.

Several questions have been argued, but the only one necessary to be decided is whether the plaintiff in error showed any title to the land. The land in question is a part of the northwest quarter of section 28, in town 10,

288 – 2

range 13, in Greene county. On October 12, 1883, William B. Farrow owned this quarter section except a strip off the east side of it, and on that day he executed a quit-claim deed conveying to the Litchfield, Carrollton and Western Railroad Company "a right of way of 100 feet in width for so much of said railroad as may pass over or through the following described real estate: Near the southeast corner of the northwest quarter of section 28, thence due west three-fourths of a mile, thence to the northwest corner of section 29, suitable ground for depot of two acres, * * * situate in the county of Greene and State of Illinois." Afterward, in the same year, the grantee built its railroad across the northwest quarter of section 28 and the track has ever since been where it now is. The property of the Litchfield, Carrollton and Western Railroad Company was afterward acquired by the plaintiff in error. Farrow continued to own the adjoining land in the northwest quarter of section 28 until his death, in 1891, and his interest in the quarter section was sold by his administratrix, under an order of the county court, to his son, Dellis Farrow, through whom the defendant in error derives his title.

The description in William B. Farrow's deed to the railroad company did not describe any specific tract of land. There were no words indicating on what part of the quarter section the right of way was to be located, except that it was to begin near the southeast corner and run due west three-fourths of a mile. This would locate it near the south side of the quarter section, but the description was still so indefinite that the precise boundaries cannot be located.

In *Illinois Central Railroad Co.* v. *O'Connor*, 154 Ill. 550, the owner of a tract of land in a certain quarter section conveyed to the railroad company "the right of way over and through said tract, said right of way to comprise land of the width of 200 feet." The railroad company

soon after enclosed with a fence 50 feet on either side of its main track.  Some years later the railroad company took down the west fence and erected a new one 50 feet further from the track.  Afterward the grantee of the original owner brought an ejectment suit against the railroad company for the 50-foot strip thus taken possession of by the railroad company, which claimed an easement in it for the right of way for its railroad.  The court said: "The first question suggested upon a consideration of the facts agreed upon by the parties is, has the defendant shown any title whatever to such an easement over this land?  Its deed from Harbord did not, by its description, state out of what part of the tract the 200 feet for right of way should be taken, nor did it convey, as is sometimes done, a certain number of feet on either side of the center of the track.  Therefore, until the grantee, by some act on its part other than the mere location of its track, designated the land claimed by it under the deed, no easement was acquired over any particular land.  But when the company came to assert its rights under its deed it took no possession of this piece of land, nor, so far as the agreed facts show, did it in any way indicate that it claimed an easement over it.  The deed itself did not specifically convey this 50 feet, nor did the grantee, in exercising its rights under it, assert any title whatever thereto, but, on the contrary, in taking possession under its deed excluded it,—fenced it out of its right of way.  There is nothing in the facts of the case tending to show that it by act or declaration construed its deed to include this land for more than thirty years after its date and taking possession under it."

When the plaintiff in error, with the consent of William B. Farrow, its grantor, constructed its track through the quarter section, the objection of uncertainty was removed by the action of the parties to the extent that actual possession was taken under the deed but only to the extent of such actual possession.  Where the premises in a deed

are so described that they cannot be identified the convey-
ance is void.   Where the grantee, by the consent of the
grantor, is permitted to take possession of premises within
the general terms of the description and occupy and make
permanent improvements upon them, the grantor will be
estopped to urge the uncertainty of the description, and a
court of equity will compel the execution of a deed properly
describing the lands intended.   (*Purinton* v. *Northern Illi-
nois Railroad Co.* 46 Ill. 297.)   The plaintiff in error can
not claim to have taken possession of any part of the
premises which it did not actually occupy.   Where one en-
ters upon real estate under color of title his possession is
not regarded as limited to the portion of the premises
which he actually occupies but extends to all the lands in-
cluded in the instrument under which he claims.   The plain-
tiff in error, however, can derive no benefit from this rule,
because the instrument under which it claims includes no
lands, for the reason that it does not definitely describe
any property.   The location of the 100 feet in width was
not given with sufficient certainty to identify any land.

There is no evidence tending to show that the plaintiff
in error ever took actual possession of the land in contro-
versy.   It was never enclosed in the right of way by a
fence, it was never used by the railroad company in any
way, and its nearest point was over 30 feet from the cen-
ter of the railroad track.   While the evidence shows that
the railroad company was permitted to construct its track
over the quarter section, there are no circumstances which
tend to show that the location of the right of way was
more definitely agreed upon than it is described in the deed.
The construction of the track established the line, and the
right of way 100 feet wide must be held to include the space
occupied by the rails, ties, switches, side-tracks, ditches,
cuts, embankments and other construction, together with
such means of ingress and egress on both sides as are rea-
sonably necessary for the operation and maintenance of the

railroad in the customary way. This much the grantor assented to when he permitted the railroad company to take possession, under its deed, of the space so occupied. The description of the right of way was not thereby extended to include land not taken possession of and not described.

The plaintiff in error contends that when a deed conveys to a railroad company a strip of land through a certain tract for a right of way without definitely describing the location the company has a right to choose the exact location. If this be so, the evidence shows only that the railroad company located the line of the right of way and not its outside boundaries. In answer to this, counsel insist that where the right of way is described as of a certain width and not otherwise located it is presumed to extend an equal distance on either side of the center line of its tracks, and *Chidester* v. *Springfield and Illinois Southeastern Railway Co.* 59 Ill. 87, is cited in support of this contention. In that case no question of a right of way arose but the contention was in regard to a tract of land which the owner had executed a bond to convey to the railroad company. The owner covenanted by the bond to convey to the railroad company, in consideration of the construction of its road, depot and station house in a certain locality, the right of way through a certain tract of land, "and also seven acres of land in said section, tract and orchard adjoining to said right of way on either side thereof." The court was of the opinion that the bond should be construed as requiring a conveyance of the right of way wherever the company might choose to establish its track, and that the seven acres "adjoining to said right of way on either side thereof" meant three and one-half acres on each side of the right of way, being a strip of land of uniform width extending along the railway through the entire tract. The conveyance of a certain number of acres out of a larger tract is wholly insufficient to designate any tract of land that can be located, and such a description is

so defective that no title whatever will pass by it. (*Hughes* v. *Streeter,* 24 Ill. 648.) The description "adjoining the right of way" on either, each or both sides does not help it. A grant of a certain quantity of land to be taken out of a larger tract, with no other description than that it should lie on both sides of a highway, was held void for uncertainty in *Smith* v. *Proctor,* 139 N. C. 314. The material part of the description in *Illinois Central Railroad Co.* v. *O'Connor, supra,* was substantially the same as that in Farrow's deed of the right of way here, and it was held that it was insufficient to convey the title.

The evidence fails to show that the railroad company acquired any title to the premises in question, and the instruction to find the issues for the defendant was therefore properly given.

The judgment will be affirmed.          *Judgment affirmed.*