(No. 35363.—

CHARLES CALLAGHAN *et al.*, Appellees, *vs.* WILMA MARTIN MILLER, Exrx., Appellant.

*Opinion filed November 18, 1959.*

HEMPSTEAD, REDMAN & SHEARER, of St. Charles, (RICHARD D. SHEARER, of counsel,) for appellant.

CARBARY & CARBARY, of Elgin, (GEORGE D. CARBARY, and RICHARD W. HUSTED, both of Elgin, and EUGENE T. DEVITT, of Chicago, of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant Wilma Martin Miller, executrix of the estate of Altha G. Martin, deceased, appeals from a decree of the circuit court of Kane County, compelling specific performance of an alleged real-estate contract and ordering the defendant to execute a real-estate deed for same to the plaintiffs, Charles Callaghan and Sylvia Callaghan. From this decree, defendant appeals directly to this court, a freehold necessarily being involved.

On July 17, 1957, Mrs. Altha G. Martin engaged Mrs. Ida Tank, a realtor, to sell a certain five-acre tract of land north of Batavia, Illinois, and owned by her. The property was improved by a residence and used as a trailer court. Mrs. Tank obtained a 60-day exclusive contract to

sell the realty for $52,000 at 5 per cent commission. The plaintiffs contacted Mrs. Tank in regard to a possible purchase of the same, and later inspected the property in company with Mrs. Martin, Mrs. Tank and Ralph Johnson. On September 9 the plaintiffs offered to purchase the property for $47,500, and tendered and deposited the sum of $1,000. Mrs. Tank communicated the offer to Mrs. Martin and drew up a receipt for plaintiffs which Mrs. Martin signed as approved. The receipt or memorandum was as follows:

"IDA M. TANK, Real Estate
123 W. Front Street, Wheaton, Illinois                    Room 26

Sept. 9, 1957

Received of Charles Callaghan and Sylvia Callaghan his wife, One Thousand Dollars ($1,000), being deposited as earnest money for purchase of the Altha Martin property located on Route 25, north of the city of Batavia, Illinois (not in corporation). This area comprises five acres more or less. The space now occupied by 20 trailers is properly licensed and zoned by the State of Illinois and Kane County Zoning Dept. (non-conforming use).

Above deposit is made on offer to purchase of the Altha Martin property for $47,500 with ⅓ cash at time of transfer of title to buyer, balance evidenced by amortizing mortgage with $200 or more to be paid each month thereafter, plus interest at 5 per cent per annum paid monthly on the unpaid balance.

Subject to approval by owner.

Possession to be given 30 days after closing of above deal.

/Sgnd/ *Ida M. Tank,*
Realtor

Approved
*Altha G. Martin* /Sgnd/."

In the presence of Mrs. Tank and Ralph Johnson, Mrs. Altha G. Martin signed the receipt or memorandum "approved" and signed her name. Mrs. Tank placed the $1,000 in her special account in the Gary-Wheaton Bank, and delivered a copy of this receipt to the plaintiffs.

Thereafter, Mrs. Tank called Richard D. Shearer, the attorney for Mrs. Martin, and requested that he draft a

contract setting forth the detailed terms of the purchase and sale. On September 17, 1957, Shearer prepared a contract, and the plaintiffs appeared in his office and signed it. They were then informed that Mrs. Martin was ill in the hospital.

Shearer asserted that he told the plaintiffs that if Mrs. Martin did not recover to sign the contract they would have no deal. The plaintiffs deny such a conversation was had. About four days later Mrs. Martin died without having signed the contract. Mrs. Wilma Miller, a daughter of Mrs. Martin and the executrix of her estate refused to convey the property to the plaintiffs, and they brought this proceeding for specific performance to require the executrix to convey the realty to them. The cause was tried before the court without a jury, and the court found that the memorandum met the requirements of the Statute of Frauds, and decreed specific performance. A freehold being involved the defendant executrix appeals directly to this court, contending that the receipt or memorandum on its face does not spell out the terms with sufficient certainty and clarity for the court to enforce the same without additional evidence, and the testimony herein was provided by interested parties, contrary to section 2 of the Evidence Act. Ill. Rev. Stat. 1957, chap. 51, par. 2.

Section 2 of the act relating to contracts under seal provides that when one party to a contract, bond, or memorandum in writing, to make a deed to land in this State for valuable consideration, shall have died, without having executed or delivered the deed, any chancery court in a county where the land is situated may compel the executor or administrator of such deceased person to execute and deliver such deed. (Ill. Rev. Stat. 1957, chap. 29, par. 2.) Section 3 of the same act provides that a court may make such order only upon a petition in writing of the person entitled to the benefit of the same, or his heirs, setting forth the contract or memorandum in writing, and fully

describing the lands to be conveyed, reasonable notice of time and place shall have been given to the executor or administrator, and the petitioner shall have fully paid, discharged and fulfilled the consideration of such contract or memorandum.

The memorandum is sufficient to satisfy the Statute of Frauds if it contains upon its face the names of the vendor and the vendee, a description of the property sufficiently definite to identify the same as the subject matter of the contract, the price, terms and conditions of the sale, and the signature of the party to be charged. (*Thompson* v. *Wiegand,* 9 Ill.2d 63; *Ullsperger* v. *Meyer,* 217 Ill. 262.) The names of both vendees, Charles Callaghan and Sylvia Callaghan, and the name of the vendor, Altha Martin, appear upon the face of this memorandum.

The subject matter of the contract is "the Altha Martin property located on Route 25, north of the city of Batavia, Illinois (not in corporation). This area comprises five acres more or less. The space now occupied by 20 trailers is properly licensed and zoned by the State of Illinois and Kane County Zoning Dept. (non-conforming use)." The plaintiffs, Ralph Johnson, Mrs. Tank, and even the defendant have all identified the property. There is nothing in the record to indicate that some other tract was the subject matter of this memorandum. Moreover, parol evidence is admissible to identify the subject matter of the contract or memorandum. It is not necessary in contracts for the sale of real estate that it should be so described as to admit of no doubt as to what it is. (*Hedrick* v. *Donovan,* 248 Ill. 479. The executrix identifies the trailer park where she lives as the one visited by Johnson and Mrs. Tank on September 9, 1957, when they called on Mrs. Martin. Johnson identified its location with relation to Route 25 on the east, the railroad on the north and the river on the west. The property is thus sufficiently and clearly identified.

The price, terms and conditions are definite and certain.

They are stated as "$47,500 with ⅓ cash at time of transfer of title to buyer, balance evidenced by amortizing mortgage with $200 or more to be paid each month thereafter, plus interest at 5% per annum paid monthly on the unpaid balance."

The memorandum bears the signature of Altha G. Martin as approving the memorandum and offer of purchase. The Statute of Frauds is thus clearly satisfied.

Defendant executrix contends that the plaintiffs have failed to fully pay, discharge and fulfill the consideration of the memorandum. The memorandum requires the payment of ⅓ of the purchase price upon transfer of title and the execution of a mortgage by the buyers. Plaintiffs plead their willingness to pay, and Mr. Callaghan testified to the assets which he held on September 17, 1957, adequate to make the payment of ⅓ of the purchase price. The court directed the plaintiffs to tender to the defendant ⅓ of the purchase price, together with the required mortgage and note, upon delivery of the deed by the defendant. Such tender and proof fully fulfill the consideration required by the memorandum.

Defendant executrix urges, in addition, that the memorandum of September 9, 1957, is merely a contract to make a contract, and is thus too indefinite to be specifically enforced. Defendant bases her assertion upon the fact that decedent's attorney prepared a contract embodying all of the details of the memorandum, spelled out in more specific terms. However, in this case, even though decedent's attorney did prepare a detailed contract which Mrs. Martin was never able to execute, the terms are sufficiently definite and certain in the memorandum to be specifically enforced. As in the case of *Welsh* v. *Jakstas,* 401 Ill. 288, cited to us by defendant, this memorandum did not constitute a contract under which the parties were to negotiate and agree upon the terms of another contract, to be entered

into when the terms had been ascertained and determined. The memorandum, containing the proposal of purchase, itself constituted an adequate memorandum of the agreement of the parties when approved by the decedent. The memorandum itself then constituted a contract of sale in sufficiently clear and unambiguous language to be specifically enforced. It is not rendered indefinite or void because an additional contract was thereafter prepared.

Defendant states that in order to establish the fact that the decedent signed this memorandum in acceptance and approval of the offer of the plaintiffs, they presented the evidence of Ida Tank, Ralph Johnson and themselves. She contends that the evidence of all of these persons was totally inadmissible under the provisions of section 2 of the Evidence Act. (Ill. Rev. Stat. 1957, chap. 51, par. 2.) During the course of the direct examination of Ida Tank, Ralph Johnson and Charles Callaghan the defendant objected to testimony in regard to certain conversations with Altha Martin, to leading questions and to certain conclusions. Only after Ida Tank had testified on direct examination and again after plaintiffs had rested did the defendant object to the appearance of Ida Tank as an interested party. There is no such objection as to any other witness, and any objection to their competency is waived. (*Bonczkowski* v. *Kucharski,* 13 Ill.2d 443; *Chicago Title and Trust Co.* v. *Sagola Lumber Co.* 242 Ill. 468.) It well may be that Ida Tank was a person having such a direct interest in this action, wherein defendant defends as an executrix of a deceased person, that she was incompetent as a witness. The interest which will disqualify a witness must be direct and immediate, and result in a gain or loss from the judgment or decree. (*Williams* v. *Garvin,* 389 Ill. 169.) It is apparent that if this conveyance is specifically performed, Ida Tank will receive her fee as a real-estate agent. She was, therefore, probably incompetent to testify. Never-

theless, the documents in evidence, and the testimony of the other witnesses, not objected to by defendant, are adequate to affirm this decree. Any error in permitting Ida Tank to testify is thus not reversible.

The decree of the circuit court of Kane County is affirmed.

*Decree affirmed.*