NETTIE ASHLINE, Plaintiff-Appellee, *v.* HARRY VERBLE, Defendant-Appellant.

Fifth District   No. 77-91

Opinion filed December 9, 1977.

Richard E. White, of Murphysboro, for appellant.

James L. Karraker, of Anna, for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Harry Verble, from an order of specific performance on an oral contract for the sale of real estate in favor of the plaintiff, Nettie Ashline, entered in the circuit court for Union County, Illinois.

Defendant was the owner of a tract of real estate in Union County, Illinois, described by metes and bounds and consisting of approximately 6½ acres. This parcel had been purchased by him pursuant to a written contract for deed, specifically describing the tract, from a third party. That contract, containing the legal description of the tract owned by defendant, was introduced into evidence in the trial court by plaintiff. The evidence was that defendant owned no other real property in that area.

On March 22, 1972, plaintiff paid to defendant $450 and defendant delivered a writing to plaintiff which read as follows:

"Received of Nettie Ashline $450.00 for 3½ ac Partial Payment on Ground the March 22 1972. Contract to be drawed up Later.
                                    Harry Verble"

Subsequently, the plaintiff made additional payments to the defendant and it is uncontested that, on at least one occasion, the defendant, in response to the plaintiff's query, "do I owe you anything on this property?" replied, "No, Nettie, you have it more and paid for."

The facts show conclusively, in addition, that the plaintiff resided on the easterly portion of this real estate from March 1972 and, over several years, made a number of improvements to that portion of it. These improvements included grading and clearing the tract, moving a mobile home thereon and installing underpinning and a concrete block foundation of sorts, digging a water well, installing a septic system, driveway, lightposts, trees and a fence. The defendant resided on the westerly portion of this tract for the entire period of time plaintiff was making these improvements, and at no time did he voice any objection, although he admitted knowledge of most of them and actually helped install some.

Ultimately, the plaintiff requested that the defendant deliver to her a deed to the easterly portion of the real estate, the defendant refused, and the plaintiff brought the instant action for specific performance of the oral contract. The defendant alleged that specific performance should be denied on the grounds that no enforceable contract existed by reason of the fact that the real estate, which was the subject matter of the oral contract, was not sufficiently identified.

■■ At the outset we note that the defendant does not here argue the Statute of Frauds as a bar to this oral contract, nor could he properly do so. It is well settled in Illinois that when the vendee under an oral contract for the sale of land is in possession of the land, has given consideration, and has made valuable improvements on the land, the oral contract is taken out from under the Statute of Frauds' requirement of a writing. (*Manias v. Yeck* (1957), 11 Ill. 2d 512, 144 N.E.2d 333.) In addition, consonant with the hoary common-law doctrine that every parcel of real

estate is unique, we note that there is no dispute between the parties that, should the law and equities lie with the plaintiff, specific performance and not money damages nor other relief is the proper remedy.

■■ There is no disagreement among the parties, or under the law, that to be valid an oral agreement lying without the Statute of Frauds must still meet the same requirements as a written contract (*Thomas v. Pope* (1942), 380 Ill. 206, 43 N.E.2d 1004), including the requirements that the subject matter be sufficiently identified. We turn, therefore, to the corollary inquiries: what description of the disputed real estate exists in this cause; and, is that description legally sufficient under the laws of Illinois to require the enforcement of the instant oral contract for the sale of real estate.

■■ When an uncertainty as to the description of the land exists, the rule 'that the intention of the parties will determine the effect of a deed applies equally to the description of the property, and extrinsic evidence may be used to determine the parties' intentions. (*Brenneman v. Dillon* (1920), 296 Ill. 140, 129 N.E. 564.) Or, to state the rule somewhat differently, an instrument will not be rendered ineffective for uncertainty of the premises to which it relates if by the aid of extrinsic evidence it can be made certain and the property located. *In re Frayser's Estate* (1948), 401 Ill. 364, 82 N.E.2d 633.

■■ It has been held that to satisfy the requirement of certainty in a real estate contract, "that is certain which can be made certain." (*Guyer v. Warren* (1898), 175 Ill. 328, 51 N.E. 580.) And, with regard to certainty, it is not necessary in contracts for the sale of real estate that the land should be so described as to admit of no doubt as to what it is. *Callaghan v. Miller* (1959), 17 Ill. 2d 595, 162 N.E.2d 422; *Hendrick v. Donovan* (1911), 248 Ill. 479, 94 N.E. 144.

The facts as they appear in this cause, as we have noted, show a description of the full tract originally owned by defendant. Likewise, the facts clearly show the intention of the parties was to transfer 3½ acres of the defendant's tract. On the facts as presented in the trial court, it would be the purest sophistry to suggest that the tract here to be conveyed was anything other than the eastern three and one-half acres of the defendant's original tract. As to the exact location of the property line dividing that portion of the defendant's original tract which he retained and that portion of that tract which he conveyed to the plaintiff, the defendant himself has located it, to-wit:

"Q. Again, could you go out to this land and find that point where the property you now have possession of ends and the property Mrs. Ashline has possession of begins?

A. At the time that I put this building up, I was to have 100 feet

from the end of the building, east.

Q. In other words, it was to be from the end of the shed you put up down there, plus 100 feet?

A. Yes."

Illinois law has for many years recognized as sufficient, descriptions of less specificity than are found in the instant dispute, particularly with regard to contracts that are, as herein, fully executed. In *Guyer v. Warren* (1898), 175 Ill. 328, 51 N.E. 580, the deed conveyed "our land in Le Claire's Reserve, Rock Island County, and consisting of 83 plus 31/100 acres, more or less." The court held that "our land" sufficiently made it clear that the vendor's land was the subject matter of the contract, and that by examining real estate records, that real estate could be identified. In *Purinton v. Northern Illinois R.R. Co.* (1867), 46 Ill. 297, the court was concerned with an adequate description of a right-of-way granted a railroad. The railroad had taken possession, laid track and made other improvements on the land. A dispute arose, and the vendor argued that the contract was unenforceable because of the indefinite description of the land conveyed. The court held that by permitting the purchaser to hold possession and to make lasting and valuable improvements on the land, the vendor was estopped from urging the uncertainty of his obligation. See also the cases of *Callaghan v. Miller* (1959), 17 Ill. 2d 595, 162 N.E.2d 422; *Hendrick v. Donovan* (1911), 248 Ill. 479, 94 N.E. 144; *Brenneman v. Dillon* (1920), 296 Ill. 140, 129 N.E. 564.

One problem, however, remains to be addressed. In short, it is that the extrinsic evidence is insufficient to support a portion of the trial court's description in its specific performance order. The original tract of real estate owned by the defendant and described in the aforementioned contract for deed between defendant and a third party, describes real estate located only in the northeast quarter of the southeast quarter of section 28, township 12 south, range 1 west of the third principal meridian, Union County, Illinois. The trial court's order properly ordered defendant to convey the easterly portion thereof, fixing the dividing line between defendant's remaining tract and plaintiff's tract 100 feet east of the north-south centerline. However, the trial court's order also required the conveyance of a part of the southeast quarter of the northeast quarter of the aforesaid section. The record is devoid of any evidence, extrinsic or otherwise, that the defendant owned real estate of any description in that quarter-quarter section and, therefore, the order insofar as it relates to the southeast quarter of the northeast quarter of the said section cannot stand. Of course, if in fact the portion of this quarter-quarter section described in the latter portion of the trial court's order's description was owned by defendant at the time of defendant's oral contract for sale of real estate to

plaintiff, then it properly is includable in the specific performance order. (We note that it is adjacent to the original tract located in the northeast quarter of the southeast quarter of the said section.)

We, therefore, reverse this cause insofar as it relates to real estate in the southeast quarter of the northeast quarter of the said section, affirm it insofar as it relates to real estate in the northeast quarter of the southeast quarter of the said section, and remand it with directions to the trial court to make a finding as to whether defendant owned the real estate in the southeast quarter of the northeast quarter of the said section, described in the latter portion of the legal description in the trial court's specific performance order, at the time of the parties' oral contract for sale of real estate.

Affirmed in part, reversed in part, and remanded with directions for further proceedings consistent with this opinion.

CARTER and KARNS, JJ., concur.