JOHN L. LESKANICH *et al.*, Plaintiffs-Appellees, *v.* NORTHERN ILLINOIS WATER CORPORATION, Defendant-Appellant.

Fourth District    No. 14852

Opinion filed October 16, 1978.—Rehearing denied November 20, 1978.

Berry & O'Conor, of Streator, for appellant.

Gomien, Masching & Neville, Ltd., of Dwight (Gary M. Neville, of counsel), for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

In a bench trial it was determined that the plaintiffs were the fee owners of a certain roadway across the defendant's land. The record indicates that the plaintiffs and the defendant derived their titles from a common grantor, Purington Paving Brick Company. The sequence of conveyances, as well as a map of the land involved in this case, is included to illustrate the location of the various parcels of land.

As the diagram indicates, the plaintiffs took a warranty deed on December 20, 1943, from the Purington Paving Brick Company for a tract

of land in the southeast quarter of the northeast quarter. The segment of land in the southeast quarter of the northeast quarter between the plaintiffs' tract of land and the river had been previously conveyed to the Streator Aqueduct Company, now the Northern Illinois Water Corporation, in 1925. In the 1943 warranty deed, Purington quitclaimed "all its right, title and interest in and to all roads or roadways across said land or abutting thereon including the road once used across the north end of said land and the extension thereof about 80 rods toward the west of said land but the undersigned [Purington] does not warrant the title to any of said roads or roadways." This deed was recorded on December 27, 1943. In 1960, the plaintiffs conveyed part of this land to the Streator Drain Tile Company. Streator conveyed it to Clow Corporation in 1964, and Clow reconveyed the land to the plaintiffs in 1970. During this 10-year period the plaintiffs apparently paid cash rent and farmed the land.

Defendant's predecessor in title, T. E. Rust, obtained by a warranty deed on November 26, 1943, several parcels of land including those shown on the diagram. This deed was recorded on January 10, 1944. In 1944, Rust conveyed to Verdiramo and Rizzo, who conveyed to Northern Illinois Water Corporation in 1956.

At trial, plaintiff John Leskanich testified that he used the gravel road to go from his house to the farm. He noted that if he couldn't use the road, he would have to go three miles around the section to get to the farm.

The record indicates that Mr. Leskanich had been allowed to use the road before gates were erected by the defendant in the late 1960's. He was thereafter given a key by the defendant to unlock the gate in order to get to his farm. However, in 1974 or 1975, the defendant changed the locks and prevented him from using the road.

Francis Sexton, a registered land surveyor and engineer, testified at the trial that he surveyed the defendant's land in 1967. His survey showed a 10- to 12-foot-wide gravel road running east and west 23 to 27 feet north of the south line of the northeast quarter of the northeast quarter. Apparently this was the first survey of the land in question since there is no indication in the record of any survey being made prior to 1967.

On appeal, the plaintiffs contend that the description in the deed from Purington either gave them title to the road on the defendant's land or an easement across the land. At oral argument, the plaintiffs conceded that the deed grants them no easement and that they have no right in the road by adverse possession. Accordingly, it is necessary only to discuss whether the plaintiffs obtained title to the road by the quitclaim deed.

The trial court's order determined that the plaintiffs owned the road in fee since they were the first to record their deed. Before reaching this issue, it is necessary to consider whether the road was adequately described in the deed to the plaintiffs. In that deed, the grantor

quitclaimed its interest "in and to all roads or roadways *across said land or abutting thereon * * *."* (Emphasis added.) In considering this description it is necessary to refer again to the diagram. It is noted from that diagram that no portion of the road extends across the plaintiffs' land. Moreover, the road on defendant's property does not cross the plaintiffs' property, nor does that road border or abut the north property line of the southeast quarter of the northeast quarter. As the subsequent survey indicated, there was no road or roadway that either crossed or abutted the plaintiffs' land. Thus, the portion of plaintiffs' deed that attempted to convey a road or roadway was ineffective since no such road as described in the quitclaim deed existed. *Chicago & Alton R.R. Co. v. Langer* (1919), 288 Ill. 16, 123 N.E. 61.

It is unnecessary to address the issue regarding the recording of deeds since no road as described in the deed was conveyed to the plaintiffs. Consequently, the plaintiffs never acquired title to any road or roadway and the recording of their deed was meaningless as to the issue here.

Accordingly, the judgment of the circuit court of Livingston County is reversed.

Reversed.

REARDON and TRAPP, JJ., concur.