ROBERT E. LAMP, Plaintiff-Appellant, *v.* TRUMAN E. HART *et al.*,
Defendants-Appellees.

Fifth District   No. 78-538

Opinion filed July 3, 1979.

Theodore Van Winkle, of McLeansboro, for appellant.

Caldwell, Troutt & Alexander, of Benton, for appellees.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Robert E. Lamp, appeals from the judgment of the Circuit
Court of Hamilton County denying specific performance of an alleged
oral contract to convey real estate to plaintiff.

In September of 1973, plaintiff and Gleason Hart, deceased, shared a
room at Hamilton County Memorial Hospital. During their brief stay at
the hospital, they discussed the sale of a 40-acre tract in Hamilton County
which tract apparently belonged to Hart. After preliminary negotiations,
plaintiff wrote a check in the amount of $500 payable to Hart and noted on
the face of the check that the amount was "payment on 40 acres of surface
only land abstract and deed to be furnished. Balance of $3500 to be payed
[*sic*] at $500.00 per year plus interest at 7 percent on unpaid balance." The
check was given to Hart and was subsequently deposited in his bank

account. Hart was released from the hospital on September 30, 1973, but died 11 days later.

On September 29 and 30, 1974, plaintiff attempted to deliver a second payment for the real estate to Hart's personal representative or heirs, who refused to accept it. Thereafter, plaintiff initiated this present action against the estate and heirs of Hart for specific performance of the alleged contract.

At trial, several witnesses attempted to identify the location and describe the physical characteristics of the 40-acre tract in Hamilton County. Plaintiff stated that the property was

"* * * south of Little Springs Church. I can't give you the exact description of it because I haven't got it right now, but it is the road just east of Little Springs Church, you go south and you get to the top of the hill and there is a road that goes diagonally through this forty acres of land and some lays on each side of the road and Mr. Carrell's farm borders it on the north and I don't know who owns the other land that borders it."

John Kenneth Lamp, plaintiff's son, testified that the 40-acre tract was "straight behind" Little Springs Church; that to locate the property one must turn onto a road just before reaching the church; and that the road divided the tract into approximately two equal parts. Ray Carrell, an acquaintance of both plaintiff and Hart, also testified that the land was near Little Springs Church and that a road went through the middle of the tract. There were other witnesses who were apparently familiar with the property but they were also unable to describe its exact location.

The trial court found that plaintiff and Hart entered into an agreement for the sale and purchase of a 40-acre tract located in Hamilton County but added that the check, evidencing the agreement, was not a sufficient memorandum to constitute an enforceable contract within the meaning of the Statute of Frauds. It further held that it was unnecessary to decide whether there was part performance of the contract because all of the essential terms of the contract were not certain and definite. In denying specific performance and awarding the return of the $500 to plaintiff that had been paid to Hart, the court stated:

"I have been bothered with the fact that I can't put a handle on that land south of the church as being the land described in the complaint."

On appeal, plaintiff contends that the trial court erred in finding that the description of the real estate was not sufficiently definite to make the agreement an enforceable contract where there was ample extrinsic evidence from which a court appointed surveyor could have constructed a legal description of the property. Plaintiff therefore requests the reversal

of the judgment and the remandment of the case for a determination of whether there has been sufficient partial performance to remove the oral agreement from the Statute of Frauds.

■■ An essential element of a contract for the sale of real estate is that it sufficiently identify the land to be conveyed or otherwise furnish the means to locate the property with certainty. (*Ashline v. Verble*, 55 Ill. App. 3d 282, 370 N.E.2d 613 (1977); *Thomas v. Moore*, 55 Ill. App. 3d 907, 370 N.E.2d 809 (1977).) To justify the specific performance of such a contract, it must contain a description of the land so definite that it will enable a surveyor, using the aid of extrinsic evidence, to determine its boundaries. *Thomas v. Moore*.

■■ A review of the present record reveals that the description was insufficient to warrant the enforcement of the oral contract. The memorandum and the extrinsic evidence produced at trial failed to identify the precise boundaries of the property or otherwise prove the property's exact location. The evidence merely indicated that plaintiff was to purchase a 40-acre tract located somewhere near the Little Springs Church. There is no indication in the record of the church's location nor is there any proof of how far that church is situated from the alleged property. Furthermore, plaintiff failed to introduce any evidence that Hart owned property in Hamilton County or anywhere else. As we are therefore unable to determine from the record the location of the property or, in any event, determine that Hart was a property owner near or within the alleged area, we find no basis on which to grant the relief plaintiff requested.

Plaintiff, however, argues that our recent case of *Ashline v. Verble*, also an action for specific performance, supports his contention that the subject matter of the oral contract was sufficiently identified. In *Ashline*, unlike the present case, there was evidence from which the court could determine the exact boundaries of the property to be conveyed and, in addition, there was evidence that defendant owned the tract in dispute.

In conclusion plaintiff has failed to prove all the necessary elements of a contract to convey real estate. Accordingly, the judgment of the Circuit Court of Hamilton County denying plaintiff specific performance of the alleged contract is affirmed.

Affirmed.

G. MORAN, P. J., and KUNCE, J., concur.