NETTIE ASHLINE, Plaintiff-Appellant, v. HARRY VERBLE, Defendant-Appellee.

Fifth District   No. 5—83—0786

Opinion filed December 28, 1984.

Howard B. Eisenberg, of Southern Illinois University, of Carbondale, for appellant.

Thomas F. Crosby, of Winters & Garrison, of Marion, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Nettie Ashline (Ashline) appeals from separate judgments entered in the circuit court of Union County in favor of Harry Verble (Verble). In the first case (Union County case No. 75—CH—1), the court denied Ashline's August 24, 1983, motion seeking to clarify a judgment which had been issued by the circuit court in 1979. In the second case (Union County case No. 81—CH—3), the court granted summary judgment in favor of Verble on his complaint seeking possession of certain property occupied by Ashline. For the reasons which follow, we reverse both judgments and remand for further proceedings.

Case No. 75—CH—1 began in January 1975, when Ashline filed a complaint for specific performance, alleging that she and Verble had entered into an oral contract under which Verble had agreed to sell her certain land in Union County. The trial court ruled in favor of plaintiff, and we affirmed that ruling, rejecting Verble's contention that the contract was unenforceable due to inadequacy of the description of the subject real estate. (*Ashline v. Verble* (1977), 55 Ill. App. 3d 282, 284-85, 370 N.E.2d 613.) Finding, however, that there was some question as to whether Verble owned a certain portion of the land which he was ordered to convey, we remanded the case to the trial court, directing the court to make a finding in that regard. 55 Ill. App. 3d 282, 285-86.

On remand, the circuit court entered a judgment on August 31, 1979, ordering Verble to convey to Ashline the following land:

"ALL THAT PART OF THE FOLLOWING DESCRIBED REAL ESTATE LYING EAST OF A LINE SITUATED 100 FEET EAST OF THE CENTER LINE OF THE FOLLOWING DESCRIBED PROPERTY: BEGINNING AT A STONE MARKER AND SET PIN AT THE NORTHEAST CORNER OF THE NORTHEAST QUARTER (NE 1/4) OF THE SOUTHEAST QUARTER (SE 1/4) OF SECTION 28, TOWNSHIP 12 SOUTH, RANGE ONE WEST OF THE THIRD PRINCIPAL MERIDIAN, UNION COUNTY, ILLINOIS, PROCEEDING SOUTHWARD ALONG THE EASTERN BOUNDARY LINE OF SAID NORTHEAST QUARTER OF THE SOUTHEAST QUARTER FOR A DISTANCE OF 419.33 FEET TO A POINT; THENCE WESTWARD WITH A DEFLECTION ANGLE TO THE RIGHT OF 90° FOR A DISTANCE OF 372 FEET (MORE OR LESS) TO A POINT IN THE NORTHEAST BOUNDARY LINE OF A 40 FEET WIDE PUBLIC HIGHWAY; THENCE NORTHWESTERLY FOLLOWING SAID NORTHEAST HIGHWAY BOUNDARY

FOR A DISTANCE OF 485.26 FEET TO THE POINT AT WHICH SAID NORTHEAST HIGHWAY BOUNDARY INTERSECTS THE NORTHERN BOUNDARY OF THE NORTHEAST QUARTER (NE ¼) OF THE SOUTHEAST QUARTER (SE ¼); THENCE EASTWARD ALONG SAID NORTH BOUNDARY OF THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER FOR A DISTANCE OF 804.18 FEET TO THE POINT OF BEGINNING, SITUATED IN THE COUNTY OF UNION AND STATE OF ILLINOIS."

Neither party appealed this judgment.

On August 24, 1983, Ashline filed a motion seeking to clarify the August 31, 1979, judgment. In that motion, Ashline alleged that, because of the omission of certain words, the judgment ordered Verble to convey land other than that which was the subject of the original oral contract, and that Verble had now brought an action seeking to obtain possession of the land which should have been conveyed to Ashline. The motion further alleged that clarification and modification of the judgment was necessary "to effectuate the intention of the Court, to correct a manifest injustice, to correct or avoid inadvertent or clerical error or fraud, and to do equity." In an order filed on November 1, 1983, the court denied the petition, finding that more than two years had passed since entry of the 1979 judgment, and that the court had no authority to reopen the case. Ashline filed timely notice of appeal on November 21, 1983.

From these facts, we are compelled to conclude that the court erred in summarily denying Ashline's petition to clarify the 1979 judgment. The motion alleges, in essence, that failure to include the words "Southeast of the center line of the road frontage" in the description of the property has resulted in the judgment not expressing the intent of the court which rendered it. It is well settled that a court may, at any time, correct a clerical error or matter of form so that the record reflects the actual order or judgment rendered by the court, so long as the new entry is based upon a definite and certain record. (*Kooyenga v. Hertz Equipment Rentals, Inc.* (1979), 79 Ill. App. 3d 1051, 1056, 399 N.E.2d 216.) Clerical errors or matters of form are those errors, mistakes or omissions which are not the deliberate result of judicial reasoning and determination (*Dauderman v. Dauderman* (1970), 130 Ill. App. 2d 807, 810, 263 N.E.2d 708), and an error is not considered to be a judicial error merely because its correction alters a party's obligations. See *In re Marriage of Gingras* (1980), 86 Ill. App. 3d 14, 407 N.E.2d 788.

While the summary disposition of Ashline's motion in this case

prevents us from determining whether the legal description of the land in the 1979 judgment contains an error which is clerical in nature, there appears to be a distinct possibility that such is the case. This court has recently held that an incorrect legal description of land in a court order may constitute a clerical error. (*In re Marriage of Shelton* (1984), 127 Ill. App. 3d 775.) Moreover, examination of the "definite and certain" record in this case establishes clearly that it was the intention of the trial court, and of this court, that Verble convey to Ashline the land upon which Ashline was living and had made improvements, and not some other tract. (*Ashline v. Verble* (1977), 55 Ill. App. 3d 282, 370 N.E.2d 613.) Because these factors lend support to Ashline's contention that the 1979 judgment contains a clerical error, and because the trial court has authority to correct such an error, we must reverse the November 1, 1983, order denying Ashline's motion to clarify, and remand this cause for further proceedings not inconsistent herewith.

In the second case between the parties (Union County case No. 81—CH—3), Verble sought possession of the property occupied by Ashline. It is undisputed that the land on which Ashline lives, and has lived since 1972, does not correspond to the land described in the 1979 judgment in case No. 75—CH—1 or in the deed issued pursuant thereto, and the court granted summary judgment in favor of Verble on this basis. Because of our determination in case No. 75—CH—1, however, the question as to what property actually belongs to Ashline remains unsettled, and proper resolution of the issues presented by case No. 81—CH—3 is thus impossible at this point. Accordingly, the entry of summary judgment in favor of Verble in case No. 81—CH—3 must be reversed, and this cause remanded for further proceedings to be had upon resolution of case No. 75—CH—1.

For the foregoing reasons, the order of November 1, 1983, denying Ashline's motion to clarify the 1979 judgment is reversed, the summary judgment entered in favor of Verble on his complaint against Ashline is reversed, and both causes are remanded for further proceedings not inconsistent herewith.

Reversed and remanded.

WELCH and KASSERMAN, JJ., concur.