In re MARRIAGE OF EDWIN KNAPTON WHITING, Petitioner and Counterrespondent, and PATTI RUTH WHITING, Respondent and Counterpetitioner.

Fifth District   No. 5—87—0190

Opinion filed January 26, 1989.

William L. Berry, of East St. Louis, for appellant.

Robert F. Kaucher, of Kaucher & Ligman, P.C., of Belleville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Petitioner, Edwin Knapton Whiting (the husband), appeals from orders of the circuit court of St. Clair County which denied his motion for termination of maintenance and ordered him to pay $15,550.47 in accrued and unpaid retirement benefits to respondent, Patti Ruth Whiting (the wife). For the reasons which follow, we affirm.

On January 11, 1979, the circuit court of St. Clair County entered an order dissolving the marriage between the husband and the wife. Questions of property distribution and other matters were reserved for later consideration. The property was ultimately distributed by the circuit court in a final judgment entered October 16, 1980. In that judgment, the court awarded to the wife, among other things, "one-half of that percentage of [the husband's] retirement benefits that results from dividing the number of months of marriage, 188 months, by the number of months of [the husband's] military service."

On September 8, 1982, the wife filed a motion to have the husband held in contempt for failing to pay her that portion of his military retirement benefits specified in the dissolution judgment. Her motion was taken under advisement, but remained unresolved for many years. In the meantime, the wife filed a motion asking that the October 16, 1980, dissolution judgment be modified to provide for larger maintenance payments, and the husband filed a motion asking that the dissolution judgment be modified by eliminating the maintenance payments altogether.

Following various hearings, the circuit court denied both parties' motions for modification. On the motion for contempt, however, the court ruled in favor of the wife and held that the husband owed her $15,550.47 in accrued and unpaid retirement benefits as of November 1986. From these orders the husband now appeals.

With respect to the order requiring him to pay the accrued and unpaid military pension benefits, the husband makes two arguments. First, he contends that the trial court used incorrect figures in determining the benefits he owed to the wife. This argument has no merit. As we have indicated, the judgment of dissolution expressly provided that the wife was to receive "one-half of that percentage of [the husband's] retirement benefits that results from dividing the number of months of marriage, 188 months, by the number of months of [the husband's] military service." There is no dispute that the circuit court employed this formula accurately in calculating the arrearage owed by the husband. The error, according to the husband, was that the reference to "188 months" as being the duration of the marriage was incorrect, and that the parties were actually married only 168.5 months.

The husband asserts that because the higher number was used, the wife ended up receiving a higher percentage of the husband's military retirement benefits than she should have.

A threshold problem with the husband's contention is that it comes too late. The husband did not challenge the correctness of the figures used in the circuit court's original dissolution judgment until the wife filed her motion to have him held in contempt, but that did not occur until well after the time for taking an appeal from the dissolution judgment had expired.

■ The husband attempts to avoid this problem by arguing that the reference to 188 months instead of 168.5 months was simply the product of a clerical error. He therefore reasons that the circuit court should have revised the dissolution judgment to reflect the correct period by entering an order *nunc pro tunc*. This claim has no merit. Although a court may, at any time, correct a clerical error or matter of form so that the record reflects the actual order or judgment rendered by the court (*Ashline v. Verble* (1984), 130 Ill. App. 3d 544, 546, 474 N.E.2d 764, 766), a *nunc pro tunc* entry may not be used to supply omitted judicial action, correct judicial errors under the pretense of correcting clerical errors, or cure a jurisdictional defect. (*In re Marriage of McDavid* (1981), 97 Ill. App. 3d 1044, 1051, 425 N.E.2d 442, 447-48.) Here, there is absolutely no indication in the record that the circuit court's reference to 188 months instead of 168.5 months was the product of a clerical error. To the contrary, there seems to be little question that the use of the figure of 188 months by the circuit court was not inadvertent, but was the product of a deliberate decision made by the court based on its understanding of the record and the applicable law. Indeed, the parties specifically argued the point before the circuit court, and in an interlocutory order entered on March 10, 1986, the circuit court expressly found that the figure of 188 months was, in fact, correct.

The record indicates that the parties were married on December 26, 1964. The figure of 168.5 months urged by the husband is based upon the assumption that the marriage ended with entry of the initial dissolution order on January 11, 1979. The figure of 188 months which was ultimately used by the circuit court was apparently based on the assumption that the marriage did not end until entry of the final dissolution judgment on October 16, 1980. The husband may believe that the circuit court chose the wrong date for the end of the marriage, and he may not agree that the court added up the number of months in the marriage correctly, but those are matters he should have taken up in an appeal from the October 16 dissolution judgment

itself. They are not subject to correction by means of a *nunc pro tunc* order.

The husband next argues that the order of the circuit court awarding the wife accrued and unpaid military retirement benefits should be set aside because the $15,550.47 which the court ordered the husband to pay took into account cost of living adjustments to the value of the husband's military retirement benefits which were made after the dissolution of the parties' marriage. The husband reasons that because the distribution of military retirement benefits to the wife was made as part of the division of marital property (see *In re Marriage of Korper* (1985), 131 Ill. App. 3d 753, 757, 475 N.E.2d 1333, 1336) and because marital property must be valued as of the date of dissolution of the marriage (see *In re Marriage of Frazier* (1984), 125 Ill. App. 3d 473, 476, 466 N.E.2d 290, 293), the amount of the husband's military retirement benefits to which the wife is entitled must be calculated using the payment amounts received by the husband at the time the marriage was dissolved. Correspondingly, the husband argues that the wife is not entitled to claim any portion of any increases in those benefits, even cost of living adjustments, which occurred following the date of dissolution. This argument must also fail.

■ When the circuit court originally set out to apportion the husband's military retirement benefits between the parties, it could have reduced the retirement benefits to present value and awarded an offsetting value of money or property to the wife or it could simply have ordered the husband to pay the allocated portion of the retirement benefits, as disbursed, to the wife and retained jurisdiction to enforce the decree. (*In re Marriage of Korper* (1985), 131 Ill. App. 3d 753, 759-60, 475 N.E.2d 1333, 1338.) In this case, the circuit court determined that the second method, known as the "reserved jurisdiction approach," would be more appropriate. The circuit court's decision to use this approach has never been questioned by the husband.

■ The "reserved jurisdiction approach" is useful in those situations where the amount of the retirement benefits which will actually be paid out cannot be calculated with any certainty at the time of dissolution of the marriage. The approach avoids the need to speculate about a future stream of pension payments. The value of the retirement benefits is determined simply by how much is actually paid out. An inherent feature of this approach is that if the retirement benefit payments attributable to work done during the marriage subsequently increase after the dissolution, the increase will be allocated among the parties according to the ratio initially fixed by the court for apportion-

ing the retirement benefits. The circuit court therefore was correct in including the cost of living adjustments when it calculated the amount of accrued and unpaid retirement benefits which the husband owed here.

We turn then to the final issue on this appeal, namely, whether the circuit court erred in denying the husband's motion to modify maintenance. In its judgment of dissolution, the circuit court ordered the husband to pay $400 per month in periodic maintenance. In his motion to modify, the husband argued that periodic maintenance should be terminated because the wife is now employed and is "fully able to support herself."

■ Section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 510(a)) provides that the provisions of any judgment respecting maintenance may be modified "only upon a showing of a substantial change in circumstances." This provision applies where, as here, termination of maintenance is sought. (*In re Marriage of Ingrassia* (1987), 156 Ill. App. 3d 483, 488, 509 N.E.2d 729, 733.) Whether the terms of a dissolution judgment providing for maintenance should be modified or terminated rests within the sound discretion of the trial court, and its determination will not be disturbed on review unless the record shows an abuse of that discretion. (*In re Marriage of Henzler* (1985), 134 Ill. App. 3d 318, 323, 480 N.E.2d 147, 150.) We find no such abuse of discretion here.

■ Although, as the husband points out, the wife has an advanced college degree, the record indicates that she already had that degree at the time the dissolution judgment was entered. This therefore does not constitute a circumstance which has changed. One thing which has changed is that the wife was eventually able to secure employment. There is evidence in the record which indicates, however, that she has held her new job for only two years and that even with this new source of income, her resources are insufficient to provide for her reasonable needs. The prospects of this situation improving are speculative at best, especially considering that the wife suffers from a physical condition which apparently renders her incontinent. By contrast, the record indicates that the husband has continued to prosper and that he can still comfortably provide the $400 per month in maintenance payments specified in the dissolution judgment. Under these circumstances, we find no basis for disturbing the circuit court's determination that the maintenance payments should not be terminated.

For the foregoing reasons, the orders of the circuit court of St.

Clair County requiring the husband to pay the wife $15,550.47 in accrued and unpaid military retirement benefits and denying the husband's motion for modification are affirmed.

Affirmed.

HOWERTON and GOLDENHERSH, JJ., concur.