*In re* MARRIAGE OF MICHAL McCLOSKEY PEDERSEN, Petitioner-Appellee, and JOHN ROBERT PEDERSEN, Respondent-Appellant.

Fourth District   No. 4—92—0187

Opinion filed December 17, 1992.

Grosboll, Becker, Tice, Alvarez & Smith, of Petersburg (Eldon H. Becker, of counsel), for appellant.

Charles L. McNeil, of McNeil & McNeil, of Mason City, for appellee.

JUSTICE COOK delivered the opinion of the court:

Appellant John Pedersen appeals the order of the circuit court of Sangamon County denying his petition to terminate maintenance paid by him to appellee Michal McCloskey Pedersen. We affirm.

Appellant and appellee were married August 27, 1975. They adopted a daughter, Christopher Penny Pedersen, during the marriage. A judgment for dissolution of marriage was entered on May 1, 1987, pursuant to a marital settlement agreement. The agreement stated the following in regard to maintenance:

"D. That it has been agreed between the parties that the sum of One Thousand ($1,000) Dollars be paid each month by John Robert Pedersen to Michal McCloskey Pedersen; that such payment is to be applied on the monthly payment of mortgages of the parties and to compensate Michal McCloskey Pedersen and Christopher Penny Pedersen as maintenance.

It is understood by the parties that the $1,000 monthly payment is subject to change for a change of circumstances. In the event that the salary income of Michal Pedersen is increased, her compensation would be proportionately reduced, and in the event that the needs of the daughter increases, the compensation would, accordingly, be increased, and the child's medical

and dental insurance continue to be maintained by John Robert Pedersen.

E. *** It is further understood that in the event that the parties cannot agree on changes between themselves upon a change of circumstances, either party shall resort to the Court of the Judgment Order for a determination."

The parties do not dispute that the question of modification must be determined in accord with section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Act), which provides in pertinent part:

"[T]he provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to due notice by the moving party of the filing of the motion for modification and only upon a showing of a substantial change in circumstances." Ill. Rev. Stat. 1989, ch. 40, par. 510(a).

Pursuant to an agreement reached by the parties in November 1989, the court entered an order on June 11, 1990, reducing appellant's maintenance payments to $700 per month since Christopher was living with appellant. On July 11, 1990, appellant filed a second petition to modify the judgment of dissolution of marriage, again alleging: (1) Christopher resided with him from July 1988 to date, (2) he assumed all expenses of the child, including $2,600 toward college expenses, and (3) he purchased appellee's equity in the marital home and assumed sole responsibility on the mortgage. The court, by docket entry of September 24, 1990, reduced maintenance to $500 per month.

On December 24, 1990, appellant filed the present petition to modify, again alleging the previously stated changed circumstances but also contending that appellee had turned down full-time employment since the judgment for dissolution and had made little effort to obtain appropriate employment. On February 19, 1991, appellant filed an amended petition to modify, alleging further that his National Guard income had been reduced and his financial situation had deteriorated to the point that his monthly expenses exceed his monthly income.

At the hearing on January 16, 1992, appellee testified that she resides in Lincoln and has a master's degree in education. She had worked in the Springfield school district as a teacher's aid for five years and received $8.10 per hour for 5½ hours a day during the school year, with no paid vacation. Appellee also worked as a bus monitor one hour each weekday during the school year for $8.10 per

hour. Appellee had applied for 10 positions in the past three years at school districts, an adult-care center, child-care programs, Lincoln Land Community College, Illinois Department of Corrections, and the Department of Children and Family Services. Appellee explained the Springfield school district had cut back on funding and a vacant position was often filled before the job became known to the public. She admitted she had not applied to schools in surrounding towns such as Delavan, Clinton, and Mason City but knew of nothing available in these areas.

Appellee testified she usually has 14 days off during Christmas. She had not sought part-time work at a department store or other similar establishment during this time since she would have to drive to Springfield, Decatur, or other larger cities and the travel expenses would not make the effort worthwhile. She worked as a waitress during the summers in Lincoln and had a babysitting job during the summer of 1990 earning about $2 per hour. She had not applied for other summer work. Appellee stated she was in good health and lived alone. She admitted that Christopher went to live with appellant in August 1988 and that she had not paid any child support to appellant. Appellee said she had sent money to Christopher for books and other expenses at college but she had not sent Christopher any money in the past year.

Appellant testified he resides in Petersburg and has worked as a helicopter pilot for the State of Illinois since 1986. Christopher initially attended Southern Illinois University in 1990 but had since transferred to Lincoln Land Community College and lives with appellant. Appellant testified that since Christopher moved in with him he has incurred more living expenses and paid $250 more on his medical insurance premium. He added he will have to provide Christopher with an automobile. Appellant is now remarried; his wife does not currently work. Appellant has a second job with the Illinois Coast Guard which consists of weekend work and a summer training session.

Appellant's July 1990 affidavit listed gross monthly income at $3,093; his January 1992 affidavit shows a gross monthly income of $3,023. He explained his pay cut was due to decreased flight training in the National Guard and higher medical insurance premiums. Appellant testified his food expenses had gone up $150 a month, utilities increased $50 a month, and phone bill increased $30 a month from July 1990 to January 1992 due to having both his daughter and stepdaughter in the house. Appellant testified that both his travel expenses and auto expenses increased. When questioned about educational expenses

for Christopher, appellant admitted he pays these from Christopher's savings account which he (appellant) had funded with $10,000 he received from a trust on his mother's side of the family. He did not list this money on his income affidavit. Appellant did not remember what year he received this money from the trust.

Appellant testified he and appellee own a house in Alabama. He has handled the rent and care of the house by agreement with appellee. The house is rented for $85 a month but he did not list this income on his affidavit because the money is used to pay costs of the property. He testified he and appellee purchased uncut, gem-quality diamonds for $27,000 during their marriage which are held in Massachusetts. In the last 12 months, appellant and his wife bought a tanning bed and a car for Christopher.

The court denied the petition to terminate maintenance and ordered appellant to continue making payments in the amount of $500 per month. He appeals, arguing appellee's maintenance should be terminated since she has not shown a need for the maintenance to continue and has not fulfilled her obligation to seek appropriate employment to become financially independent.

■ The decision to modify or terminate maintenance is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. (*Ingrassia v. Ingrassia* (1987), 156 Ill. App. 3d 483, 492, 509 N.E.2d 729, 736.) Illinois courts have held the language in section 510(a) of the Act requiring a "substantial change in circumstances" more specifically to mean that a maintenance award "can be modified either when the needs of the spouse receiving alimony change or the ability of the other spouse to pay alimony changes." (*In re Marriage of Garelick* (1988), 168 Ill. App. 3d 321, 326, 522 N.E.2d 738, 742.) Contrary to appellant's argument, the party seeking modification of a maintenance order bears the burden of showing this change. *In re Marriage of Zeman* (1990), 198 Ill. App. 3d 722, 737, 556 N.E.2d 767, 775.

■ ■ In order to determine whether and to what extent maintenance should be modified, a trial court should consider the same factors that it considers in making an initial award. (*In re Marriage of Krupp* (1990), 207 Ill. App. 3d 779, 792, 566 N.E.2d 429, 437.) Among the factors considered are the financial resources of the party seeking maintenance, the standard of living established during the marriage, the age and the physical and emotional condition of both parties, the ability of the spouse seeking maintenance to meet her needs independently, and the ability of the other spouse to pay. (See Ill. Rev. Stat. 1989, ch. 40, par. 504(b).) Here, we need only address the initial ques-

tion *whether* maintenance should be modified since we conclude the order answering that question in the negative is supported by the evidence. The evidence from appellant's affidavits of income and expenses indicate that, other than his alleged increase in expenses, he has not shown any change in circumstances since the last order that would justify a further modification of maintenance. The changed circumstances which appellant testified existed in July 1990 were dealt with in the September 24, 1990, order and cannot be the basis for further relief. It is well settled that a maintenance award is *res judicata* of the then-existing facts, and changed circumstances justifying modification of maintenance must occur after the award. (*Zeman*, 198 Ill. App. 3d at 733, 556 N.E.2d at 773; *Sullivan v. Sullivan* (1981), 98 Ill. App. 3d 928, 932, 424 N.E.2d 957, 960.) Courts in modification proceedings allow the parties to present only the evidence going back to the latest petition for modification in order to avoid relitigation of matters already settled. (2 H. Clark, The Law of Domestic Relations in the United States §17.6, at 277 (2d ed. 1987).) Appellant correctly states that Christopher now lives with him and that he now makes the mortgage payments. However, the maintenance order has already been modified to reflect those changes. Appellant failed to meet his burden of presenting changed circumstances sufficient to further modify or terminate the maintenance award beyond the last court order. A different result might obtain if the earlier proceedings had not actually resulted in a modification. Restatement (Second) of Judgments §13, Comment *c*, at 133; §24, Comment *f*, at 203 (1982).

■ Appellant filed three petitions for modification in 1990, two of which were successful. Only the most recent petition is before us, but we observe that it is improper for a petitioner to file a petition to modify maintenance every time some slight change occurs in his financial situation or that of his former spouse. A petitioner must wait to file his petition until the accumulating changes amount to a "substantial change" in circumstances. A trial court may eliminate meritless petitions to modify from its docket by the same procedures used in other cases, such as motions to dismiss and motions for summary judgment. In ruling on such a motion the court may consider how recently the last petition was decided, whether modification was granted at that time, and whether the current petition raises new matter or merely repeats allegations previously alleged. Dismissal of a petition as premature is no bar to a refiling if additional changes occur.

■ Appellant offered insufficient evidence of changed circumstances in appellee's finances to merit termination or modification of

maintenance. The judgment of dissolution of marriage did not designate the maintenance to appellee as time-limited or rehabilitative in nature and thus appears to have awarded the payments for an indefinite term. Maintenance for an indefinite term is appropriate where it is evident the recipient spouse is either unemployable or employable only at an income considerably lower than the previous standard of living. (*In re Marriage of Haas* (1991), 215 Ill. App. 3d 959, 964, 574 N.E.2d 1376, 1379.) However, even a spouse awarded indefinite maintenance has a good-faith obligation to work toward becoming self-sufficient. (*Haas*, 215 Ill. App. 3d at 964, 574 N.E.2d at 1379; *In re Marriage of Lasota* (1984), 125 Ill. App. 3d 37, 41, 465 N.E.2d 649, 652.) Appellee testified she had worked steadily since the dissolution of marriage and her income was not sufficient to cover her expenses. Her gross wages of $12,243.19 constituted her only earned income for 1991. She has over $6,000 in debts and her only assets include an individual retirement account valued at approximately $14,000 and a one-half interest in the marital property in Alabama and the investment diamonds. Although appellee was employed, the record supports the trial court's determination that she remained unable to adequately support herself through her employment and that no substantial change of circumstances had occurred for her financially since the maintenance amount was last reduced.

■ Appellant further argues a party receiving maintenance is under an ongoing obligation to seek appropriate employment to become financially independent and that appellee is not actively seeking a higher paying position since she had only applied for 10 jobs in the past three years. While it is true the failure to make good-faith efforts to reach financial independence after a reasonable time might form the basis for reducing maintenance (Ill. Rev. Stat. 1989, ch. 40, par. 510(a); *In re Marriage of Martin* (1992), 223 Ill. App. 3d 855, 860, 585 N.E.2d 1158, 1162), the goal of financial independence "must be balanced against a realistic appraisal of the likelihood that the spouse will be able to support herself in some reasonable approximation of the standard of living established during the marriage." (*In re Marriage of Cheger* (1991), 213 Ill. App. 3d 371, 378, 571 N.E.2d 1135, 1140.) The record indicates appellee had remained steadily employed since the dissolution, albeit at a very low paying position. Despite appellant's allegation that a master's degree should assure appellee a position of financial independence, the record indicates that she received that degree in 1978, long before the judgment of dissolution was entered. Thus, her master's degree does not constitute a changed circumstance. (See *In re Marriage of Whiting* (1989), 179 Ill.

App. 3d 187, 534 N.E.2d 468.) It may sometimes be that a person with a master's degree will be better able than others to achieve financial independence, but that does not appear to be the case here. Appellee possesses appropriate training and skills but has been unable to capitalize on her abilities due to a lack of available positions. Although she is under a continuing obligation to search for employment that will enable her to become financially independent, appellant has not at this time proved changed circumstances from the time of the previous court order sufficient to modify or terminate maintenance.

For the foregoing reasons, we affirm the trial court's denial of respondent's petition to modify the judgment of dissolution of the marriage.

Affirmed.

McCULLOUGH and KNECHT, JJ., concur.