NOTICE

Decision filed 05/21/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 190067-U

NO. 5-19-0067

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| THOMAS WANGELIN, | ) | St. Clair County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | No. 14-D-477 |
| and | ) | |
| | ) | |
| CYNTHIA WANGELIN, | ) | Honorable |
| | ) | Alana I. Mejias, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE WELCH delivered the judgment of the court.
Justices Overstreet and Boie concurred in the judgment.

**ORDER**

¶ 1   *Held*: The trial court's order dismissing the appellant's first amended motion to modify and review maintenance is affirmed where she failed to adequately plead that a substantial change in circumstances had occurred since the latest maintenance modification; where the court did not err in denying her request for discovery; and where the court was not required to conduct a *de novo* review of maintenance.

¶ 2   This is an appeal arising from an order of the circuit court of St. Clair County denying the appellant, Cynthia Wangelin's, amended motion to modify and review maintenance that the appellee, Thomas Wangelin, was required to pay her under the

1

parties' dissolution judgment, marital separation agreement (MSA), and subsequent court orders. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    The parties were married in July 1989. On June 18, 2014, citing irreconcilable differences, the appellee filed a petition for dissolution of marriage in the circuit court of St. Clair County. Also on that date, the trial court entered a judgment of dissolution of marriage which, *inter alia*, ordered the appellee to pay the appellant maintenance in accordance with the court-approved MSA. Article II of the MSA provided that the appellee would pay to the appellant $4000 in monthly maintenance. Under the MSA, the maintenance award would be reviewed annually, and only the appellee's W-2 and 1099 tax forms would be considered in calculating his income for purposes of determining the amount of maintenance he would be ordered to pay.

¶ 5    On July 30, 2015, the trial court entered an agreed order, signed by both parties, that modified the maintenance provisions of the MSA. The 2015 modification order did not change the amount of monthly maintenance that the appellee was required to pay. However, pursuant to the 2015 modification order:

> "Either party may file a Petition to Modify the Maintenance provisions herein, pursuant to 750 ILCS 5/510 or other applicable Illinois Statute, upon a showing of a substantial change in circumstances. In making a determination as to the modification of the maintenance provisions set forth herein, the Court shall consider the factors set forth in subsection (a-5) under Section 5/510 of the Illinois Marriage and Dissolution of Marriage Act."

¶ 6    On March 14, 2017, the trial court entered a second agreed order, signed by both parties, modifying the maintenance provisions of the MSA and the 2015 modification

2

order. The 2017 modification order reduced the appellee's maintenance obligation to $1949 per month, with the amount to be "recalculated each December." Pursuant to the 2017 modification order, only the appellee's "gross income from W-2 or 1099 Non Employee Income earnings" would be considered in calculating his income for purposes of determining the amount of maintenance he would be required to pay to the appellant. The 2017 modification order did not include a provision for a general review of maintenance, and it did not change the provision of the 2015 modification order that either party could file a petition to modify maintenance pursuant to section 510 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/510 (West 2018)).

¶ 7 On April 13, 2018, the appellant filed a motion to modify maintenance pursuant to section 510 of the Act (*id.*) (hereinafter first motion). The appellant sought to increase the amount of maintenance that the appellee had been ordered to pay under the 2017 modification order. The first motion alleged a substantial change in circumstances in that: the appellant had "been victimized by fraud and *** defrauded of over Two Hundred Thousand Dollars"; the fraud caused her state and federal tax liability to increase; the appellee had transferred control of his business to his sister, who was allegedly winding down the business; the appellant's medical conditions had worsened; the appellee was allegedly buying and selling real estate and surreptitiously transferring title to his new wife so the profits would not be considered as his income for purposes of maintenance; the appellee had not answered the appellant's discovery requests; and the appellee's businesses had been dissolved and therefore an accounting needed to be made.

3

¶ 8 In response, the appellee filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2018)). The appellee's motion argued that the appellant failed to properly plead a substantial change in circumstances because she was aware of the facts supporting her allegations at the time that the last maintenance modification order was entered on March 14, 2017. As such, the appellee asserted that the facts giving rise to the alleged substantial change in circumstances were known and considered by the parties at the time of their previous agreement and court order regarding maintenance.

¶ 9 At a hearing on the appellee's motion to dismiss, the trial court found that the appellant failed to properly plead a substantial change in circumstances because all of the issues raised in her first motion were in existence at the time that the 2017 modification order was entered. On August 28, 2018, the court entered an order dismissing the appellant's first motion and granting the appellant leave to file an amended motion. The appellant did not appeal this order.

¶ 10 On September 27, 2018, the appellant filed her first amended motion to modify and review maintenance pursuant to sections 504(a) and 510 of the Act (750 ILCS 5/504(a), 510 (West 2018)) (hereinafter amended motion). In the amended motion, the appellant restated the factual allegations contained in her first motion in support of an alleged substantial change in circumstances. However, the appellant additionally asserted in the amended motion that she was entitled to a general review of maintenance under the MSA, which does not require a showing of a substantial change in circumstances.

4

¶ 11    The appellee subsequently filed a motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2018)), which the trial court granted on January 8, 2019, finding that the allegations contained in the amended motion were the same as those presented by her first motion.  The appellant appeals the court's January 8, 2019, order dismissing her amended motion.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, the appellant raises several challenges to the trial court's rulings. However, we are first required to address this court's jurisdiction.  The appellee has filed a motion to dismiss this appeal for lack of jurisdiction, which resulted in this court ordering the parties to brief the issues raised therein.  In her jurisdictional statement, the appellant asserts that we have jurisdiction pursuant to Illinois Supreme Court Rule 303 (eff. July 1, 2017).  In contrast, the appellee argues that we lack jurisdiction over this appeal because the January 8, 2019, order from which the appellee has appealed did not resolve all pending claims between the parties and did not contain an express written finding by the court that "there is no just reason for delaying either enforcement or appeal or both" as required under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016).

¶ 14    Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) provides that "[e]very final judgment of a circuit court in a civil case is appealable as of right."  Rule 303 governs the timing of an appeal from a final judgment of the circuit court.  See Ill. S. Ct. R. 303 (eff. July 1, 2017).  Subsection (a)(1) of Rule 303 states that a notice of appeal must be filed within 30 days after the entry of a judgment appealed from or, if a timely postjudgment motion attacking the judgment is filed, within 30 days after the entry of the order disposing

5

of the last pending postjudgment motion. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). " 'An order is final and appealable if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof.' " *In re Marriage of Gutman*, 232 Ill. 2d 145, 151 (2008) (quoting *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998)).

¶ 15    Rule 304 provides for appeals in cases where multiple parties or multiple claims for relief are involved in an action. Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). Rule 304(a) states in pertinent part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." *Id.*

¶ 16    We acknowledge that there is a split amongst Illinois appellate courts as to whether a postdissolution judgment constitutes a final, appealable judgment when it does not dispose of all postdissolution claims before the trial court. See, *e.g.*, *In re Marriage of Teymour*, 2017 IL App (1st) 161091, ¶ 14 (noting the split in the districts). However, we find that it is not necessary for us to rule on the issue in this case because the appellant has conceded that she abandoned the remaining postdissolution claim.

¶ 17    A party who files a motion is responsible for requesting the trial judge to rule on it, and when no ruling has been made on a motion, it is presumed to have been abandoned absent circumstances indicating the contrary. *Rodriguez v. Illinois Prisoner Review Board*,

6

376 Ill. App. 3d 429, 433 (2007). "A subsequently filed notice of appeal following the failure by a litigant to obtain a ruling on a motion serves as an abandonment of the previously filed motion." *Id*.; see also *Jackson v. Alverez*, 358 Ill. App. 3d 555, 563-64 (2005) (the party was deemed to have abandoned a motion by filing a notice of appeal without first ensuring that the motion had been ruled on). The appellant has conceded that her failure to obtain a ruling from the trial court on her motion for interim attorney fees prior to filing her notice of appeal resulted in the abandonment of her motion. Thus, the fact that the January 8, 2019, order did not dispose of the motion will not defeat our jurisdiction, and we will consider the merits of the appellant's appeal. The appellee's motion to dismiss for lack of jurisdiction is denied.

¶ 18    The appellant has raised three arguments on appeal. First, the appellant argues that the trial court erred in granting the appellee's motion to dismiss her amended motion. Second, the appellant asserts that the court erred in denying her request for written discovery. Third, the appellant contends that the court erred in declining to conduct a *de novo* review of maintenance.

¶ 19                              A. Motion to Dismiss

¶ 20    The appellant's first claim is that the trial court erred in granting the appellee's motion to dismiss her amended motion. Specifically, she claims that (1) she was not required to prove a substantial change in circumstances, (2) she adequately pled a substantial change in circumstances, and (3) the dismissal of her amended motion violated her due process rights. Thus, the first issue raised by the appellant's claim is whether the proceedings instituted by her amended motion were modification proceedings, which

7

required a showing of a substantial change in circumstances, or review proceedings, which did not require such a showing. The appellant contends that she was not required to establish a substantial change in circumstances. To the contrary, the appellee maintains that the appellant was required to plead a substantial change in circumstances, that she failed to do so, and that the court properly dismissed the motion.

¶ 21 We review *de novo* both the interpretation of a marital settlement agreement and a trial court's section 2-619 dismissal. See *Blum v. Koster*, 235 Ill. 2d 21, 33 (2009); *In re Marriage of Doermer*, 2011 IL App (1st) 101567, ¶ 16. We construe a marital settlement agreement in the same manner as any other contract and ascertain the parties' intent from the language of the agreement. *Blum*, 235 Ill. 2d at 33. "When the terms of the marital settlement agreement are unambiguous, a reviewing court determines the parties' intent solely from the plain language of the agreement." *Doermer*, 2011 IL App (1st) 101567, ¶ 27. An agreement is unambiguous when its language is susceptible to only one reasonable interpretation. *Id*. A disagreement as to meaning, however, does not render language ambiguous. *Id*.

¶ 22 "Under Illinois law, all maintenance awards are reviewable." *In re Marriage of Kasprzyk*, 2019 IL App (4th) 170838, ¶ 23. A party may ask the trial court to modify, terminate, or review maintenance. *Id*.; see also 750 ILCS 5/510(a-5) (West 2018). "Review proceedings and modification proceedings are separate and distinct mechanisms by which reconsideration of maintenance can occur." (Internal quotation marks omitted.) *Kasprzyk*, 2019 IL App (4th) 170838, ¶ 23. Review proceedings arise from a court order specifically providing for review of maintenance. *Id*. In such cases, the court typically

8

advises the parties on what issues will be addressed on review and which party has the burden of proof. *Id.* In contrast, when there is no court order providing for review of maintenance, a party may seek reconsideration of maintenance through modification proceedings under the Act. *Id.* Unlike review proceedings, modification proceedings require the moving party to plead and prove that a substantial change in circumstances occurred that would justify modification of a maintenance award. *Id.*

¶ 23 In this case, we find that the amended motion instituted modification proceedings rather than review proceedings. We acknowledge that the appellant labeled her motion as an "amended motion to modify and review maintenance." This appears to be a strategic decision in light of the fact that her first motion to modify maintenance was dismissed for a failure to allege a substantial change in circumstances, and she filed her amended motion arguing that because the 2017 modification order provided for review of maintenance, she did not need to allege a substantial change in circumstances. However, we find that the appellant's characterization of her motion is not dispositive.

¶ 24 Rather, we look to the terms of the 2017 modification order, which explicitly modified the maintenance provisions of the MSA and the 2015 modification order. Specifically, the most recent order provided:

> "The amount of maintenance shall be recalculated each December. The amount of maintenance shall be calculated by taking 30% of [the appellee's] gross income from W-2 or 1099 Non Employee Income earnings minus 20% of [the appellant's] gross income. Any income or distribution from [the parties'] cash settlement, 401(K), SEP, and IRA shall not be considered in the calculation since [the parties] received cash, 401(K), SEP and IRA division as part of the MSA. The amount calculated as maintenance, however, when added to the gross income of [the appellant], may not result in [the appellant] receiving an amount that is in excess of 40% of the combined gross income of [the parties]. [The appellee] shall provide

9

[the appellant] with all bank statements showing his income from his business. [The appellant] will provide [the appellee] with proof of her income. All disclosures to be made by December 1st each year for monthly payments January 1st through December 1st for the next year. [The appellee] shall calculate the maintenance and provide [the appellant] with the calculation. [The parties] will enter an Agreed Order showing the amount to be paid for the upcoming year."

¶ 25    The 2017 modification order also stated:

"Either party may file a Petition to Modify the Maintenance provisions herein, pursuant to 750 ILCS 5/510 or other applicable Illinois Statute, upon a showing of a substantial change in circumstances. In making a determination as to the modification of the maintenance provisions set forth herein, the Court shall consider the factors set forth in subsection (a-5) under Section 5/510 of the Illinois Marriage and Dissolution of Marriage Act."

¶ 26    Based on the preceding language, the 2017 modification order provided for two mechanisms by which the maintenance award could be reconsidered. First, the order provides for a limited annual review to occur in December of every year and during which, the maintenance award would be recalculated based on the process specifically delineated in the order. See *In re Marriage of Heasley*, 2014 IL App (2d) 130937, ¶ 27 (maintenance review can be limited or general). Second, the order permits either party to file a petition to modify maintenance pursuant to section 510 of the Act (750 ILCS 5/510 (West 2018)) based on a substantial change in circumstances. The record reveals that this case arose not from the annual review process set out in the order but instead was initiated by the filing of a petition to modify maintenance pursuant to section 510 of the Act (*id*.). As such, the statute and the plain language of the order provide that the appellant was required to plead that modification was warranted based on a substantial change in circumstances.

10

¶ 27    In support of her argument that she was not required to establish a substantial change in circumstances, the appellant relies on *Blum*, 235 Ill. 2d at 35-36.  The appellant suggests that *Blum* stands for the propositions that "in a provision for periodic review of maintenance, a general review is required," and that "a general review of maintenance does not require the moving party to prove a substantial change in circumstances."  We disagree with the appellant's broad reading of *Blum*.  Instead, our review of that case reveals that the marital settlement agreement at issue there provided for a general review of maintenance, that the proceedings involved were review proceedings, and under those circumstances, the court found that the movant was not required to prove a substantial change in circumstances.  See *id*. at 35-36.  Ultimately, the *Blum* court was applying the terms of an agreement to the specific facts involved in that case, and its application to the present circumstances is untenable when the maintenance provisions at issue here differ from those then before the court.

¶ 28    In light of the foregoing, we find that the trial court properly treated the proceedings giving rise to this appeal as modification proceedings in which the appellant was required to plead a substantial change in circumstances.  We will now determine whether the court properly found that she failed to sufficiently plead that a substantial change in circumstances had occurred to justify modification of the maintenance award.

¶ 29    A substantial change in circumstances as required by the statute means that there has been a change in either the needs of the spouse receiving maintenance or the ability of the other spouse to pay the maintenance obligation.  *In re Marriage of Shen*, 2015 IL App (1st) 130733, ¶ 132.  Where multiple maintenance modifications have been sought, the trial

11

court shall consider only the facts that occurred since the last modification and modify the award only upon a substantial change in circumstances since that date. *In re Marriage of Anderson*, 409 Ill. App. 3d 191, 198-99 (2011). It is well settled that the party seeking a modification of maintenance has the burden of establishing that a substantial change in circumstances has occurred. *In re Marriage of Bernay*, 2017 IL App (2d) 160583, ¶ 14; *Shen*, 2015 IL App (1st) 130733, ¶ 132; *Anderson*, 409 Ill. App. 3d at 198; *In re Marriage of Turrell*, 335 Ill. App. 3d 297, 309 (2002); *In re Marriage of Neuman*, 295 Ill. App. 3d 212, 214 (1998); *In re Marriage of Krupp*, 207 Ill. App. 3d 779, 790 (1990).

¶ 30    In her amended motion, the appellant alleged that a substantial change in circumstances had occurred in that:

"a.  [The appellant] has been victimized by fraud and has been defrauded of over Two Hundred Thousand Dollars ($200,000.00);

b.  The fraud has caused [the appellant's] state and federal tax liability to increase, and [the appellant's] ability to pay state and federal income taxes to decrease, resulting in [the appellant] having to enter into installment payment plans with the State of Colorado and the Internal Revenue Service;

c.  [The appellant] is informed and verily believes that [the appellee] has transferred apparent control of Wangelin Insurance Agency to his sister Lisa Bayer, who appears to be winding down the business and working only part-time;

d.  [The appellant's] various medical conditions of schizoaffective bipolar 1 disorder, chronic pain, osteoarthritis and chronic obstructive pulmonary disease (COPD) have deteriorated, necessitating more frequent appointments with her psychiatrist and additional new medication adjustments which generally involve quite high copays. The stress has also worsened her chronic pain, and she has required more medical care for these conditions.

e.  [The appellant] is informed and verily believes that [the appellee] is buying and selling various parcels in real estate in the State of Florida as investments and that [the appellee] may well be surreptitiously transferring the record title to these parcels and the income therefrom to his current wife in an effort to conceal substantial property and income and evade the letter and spirit of this Court's orders regarding maintenance;

f.  That on March 15, 2018 [the appellant's] attorney served Financial Interrogatories and a Request for Production of Documents on [the appellee's]

12

attorney. It is necessary for [the appellee] to be required to answer these written discovery demands in order to fully assess the degree of subterfuge and fraud ongoing and recover monies to be applied to maintenance payments.

g. That unbeknownst to [the appellant], Wangelin Insurance Agency Inc., Wangelin Investment Group, Inc.[,] and T.C. Wangelin Jr. Investment, Inc., all corporations in which [the appellee] held a controlling interest, have been involuntarily dissolved and that therefore an accounting needs to be made as to the income, treasuries, holdings and assets of those corporations."

¶ 31 With respect to the allegations relating to the appellant being victimized by fraud, we find that these circumstances existed at the time of the 2017 maintenance order. The record on appeal, as supplemented by the appellee,[1] reveals that after the appellee filed a motion to modify in November 2015, the appellant submitted answers to interrogatories in July 2016, in which she stated that she had lost all of her savings in a scam. The record further indicates that although her ENT Credit Union savings account had a maximum balance of $100,000 between July 2015 and July 2016, it had a balance of $500 in February 2016, and by July 2016, it had a zero balance. Notwithstanding the fact that she had lost such a significant sum of money as a result of fraud, the appellant agreed to enter the 2017 modification order providing for a decrease in her maintenance award. Because the appellant's financial loss occurred prior to the latest maintenance modification, the appellant has failed to meet her burden of establishing a substantial change of circumstances sufficient to further modify the maintenance award beyond the last court

---

[1]We grant the appellee's motion to supplement the record, to which the appellant has not filed an objection. See *Jones v. Ford Motor Co.*, 347 Ill. App. 3d 176, 180 (2004) ("Illinois Supreme Court Rule 329 provides that a party may supplement the record on appeal to include omissions, correct errors, and settle controversies as to whether the record accurately reflects what occurred in the trial court."); Ill. S. Ct. R. 329 (eff. July 1, 2017) (the record may be supplemented "to present fully and fairly the questions involved").

order. See *Anderson*, 409 Ill. App. 3d at 199 (a maintenance award is *res judicata* as to facts that existed at the time the award was entered).

¶ 32 As to the appellant's allegations concerning the Wangelin Insurance Agency Inc., the record reveals that she had knowledge that "the appellee [planned] to close his business and sell the assets when he reaches the age of 62 years" as early as September 2014 when she filed a motion to vacate the dissolution judgment and set aside the MSA. Despite such knowledge, she subsequently agreed to voluntarily dismiss her motion to vacate under the 2015 modification order. Because the trial court was aware of these circumstances prior to the latest modification, we find they do not constitute a substantial change in circumstances. See *In re Marriage of Reynard*, 378 Ill. App. 3d 997, 1005 (2008) ("we are reluctant to find a 'substantial change in circumstances' where the trial court contemplated and expected the financial change at issue").

¶ 33 Moreover, the record reveals that the appellant's health issues have been known to the parties and the trial court since at least the filing of her 2014 motion to vacate the dissolution judgment and set aside the MSA. Thus, that allegation fails to establish a substantial change of circumstances sufficient to justify further modification of the maintenance award beyond the last court order. See *Anderson*, 409 Ill. App. 3d at 199 (a maintenance award is *res judicata* as to facts that existed at the time the award was entered).

¶ 34 Regarding the appellant's allegation about the appellee's various businesses and investments, we find that she specifically waived any claim to his investment income and personal investments with respect to calculating his income for purposes of maintenance.

14

The MSA as well as both of the agreed modification orders explicitly instruct that only the appellee's W-2 and 1099 forms would be used to calculate the appellee's income for purposes of determining the amount of maintenance he would be required to pay. We reiterate that all three of those documents were agreed to and signed by the appellant, and under the doctrine of invited error, she cannot complain of an error to which she consented. See *Colella v. JMS Trucking Co. of Illinois, Inc.*, 403 Ill. App. 3d 82, 95 (2010) (the doctrine of invited error bars a litigant from claiming error on appeal if that party invited or consented in the alleged error).

¶ 35    Finally, the appellant's allegation about the appellee's failure to respond to her discovery requests does not rise to a substantial change in circumstances, as it does not allege a change in her needs or in the appellee's ability to pay the maintenance award. See *Shen*, 2015 IL App (1st) 130733, ¶ 132 (a substantial change in circumstances means a change in either the needs of the spouse receiving maintenance or the ability of the other spouse to pay that maintenance). This is especially true in light of our conclusion that the remainder of the appellant's allegations fail to satisfy her pleading requirements.

¶ 36    In sum, we find that the appellant's amended motion failed to allege a substantial change in circumstances since the 2017 maintenance order. Accordingly, the trial court did not err in dismissing the amended motion. Furthermore, we find that the court's actions did not deprive the appellant of due process. Instead, the court properly considered the filings before it as well as the parties' arguments on the motion to dismiss. The court then considered the appellant's allegations and found they were insufficient to establish that a substantial change in circumstances had occurred since the last maintenance modification.

"A trial court may eliminate meritless petitions to modify from its docket by the same procedures used in other cases, such as motions to dismiss and motions for summary judgment." *In re Marriage of Pedersen*, 237 Ill. App. 3d 952, 957 (1992).

¶ 37                                B. Discovery

¶ 38    The appellant's second contention on appeal is that the trial court erred in denying her request for written discovery.  In support, the appellant cites *In re Marriage of Gidlund*, 244 Ill. App. 3d 675 (1993), for the proposition that Illinois courts favor liberal use of discovery.  There, wife discovered, 14 months after the entry of the dissolution judgment, that 2 years before the dissolution, husband had acquired property that he failed to disclose during the dissolution proceedings.  *Id*. at 676-77.  Wife then filed a petition under section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2018)) to vacate the property settlement agreement contained in the dissolution judgment and to initiate additional discovery based on husband's fraudulent nondisclosure of marital assets.  *Gidlund*, 244 Ill. App. 3d at 677.  The reviewing court found that wife was "entitled to liberal discovery *** surrounding the acquisition of the undisclosed property as well as *** the source of the funds used in such acquisition, the stream of any funds obtained in connection with the development, sale or disposition of such property," and other related issues.  *Id*. at 680.

¶ 39    Based on the procedural posture and the underlying circumstances involved therein, we find *Gidlund* inapposite.  As previously stated, the court in *Gidlund* dealt with a petition under section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2018)), which "invokes the equitable powers of the court" and which is granted "upon the facts and equities presented." *Gidlund*, 244 Ill. App. 3d at 678.  In contrast, this case is before us on a section 2-619 (735

16

ILCS 5/2-619 (West 2018)) motion to dismiss, which "raises defects, defenses or other affirmative matter which appear on the face of the complaint or are established by external submissions which act to defeat the plaintiff's claim." *Neppl v. Murphy*, 316 Ill. App. 3d 581, 584 (2000). "[A] section 2-619 proceeding enables the court to dismiss the complaint after considering issues of law or easily proved issues of fact." *Id.* at 585. Therefore, the fact that the *Gidlund* court considered liberal discovery equitable under the circumstances then presented does not render discovery necessary under the facts of the case before us. Because the trial court properly dismissed the appellant's amended motion, no further discovery was required.[2]

¶ 40                              C. *De Novo* Review

¶ 41    The appellant's third and final contention is that the trial court erred in declining to conduct a *de novo* review of the maintenance award. However, we agree with the appellee that the appellant is confused as to which court the *de novo* standard of review applies. In the case relied on by the appellee, *In re Marriage of S.D.*, 2012 IL App (1st) 101876, appellant similarly argued that the trial court should have conducted a *de novo* review of the statutory factors to determine the proper amount of maintenance. *Id.* ¶ 29 n.1. The appellate court found that the argument seemingly confused which court was required to employ such a standard. *Id.* Instead, the court clarified, the *de novo* "standard of review

---

[2]We note that the record is unclear as to whether the trial court actually denied the appellant's request for discovery as she suggests, as she has failed to cite to the record where the court entered an order denying discovery. However, even if the court's dismissal of her amended motion can be construed as an implicit denial of further discovery, we find that it was not improper.

is what [a reviewing] court uses to review the trial court's determination and address the parties' issues on appeal." *Id.*

¶ 42 Moreover, we find that the arguments presented in support of the appellant's third claim are mere restatements of her previous assertions that she should not have been required to establish a substantial change in circumstances and that the trial court erred in dismissing her amended motion. As such, we find that they are similarly without merit.

¶ 43                                III. CONCLUSION

¶ 44 Based on the foregoing, the order of the circuit court of St. Clair County is hereby affirmed.


¶ 45 Affirmed.